FILED
 2022 Apr-11  PM 12:45
U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **MRSS, INC.,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JAMES PETER MORRISETTE, et al.,** )<br>)<br>**Defendants.** ) | Civil Action Number<br>**5:21-cv-01696-AKK** |

## MEMORANDUM OPINION

MRSS Inc. manufactures and sells "ZaZa Red," a purported nutritional supplement, and owns a federal trademark on the product's name. After discovering allegedly counterfeit ZaZa Red goods in retail stores in Alabama, MRSS filed this suit against James Peter Morrissette, MT Distribution LLC, Lakshmi Distributors LLC, doing business as C Store Master, and APNA Wholesale LLC, for trademark counterfeiting and infringement in violation of state and federal law. Specifically, MRSS alleges that Morrissette and MT developed and marketed counterfeit ZaZa Red goods without authorization from MRSS, and that C Store and APNA distributed and wholesaled these goods despite their knowledge that Morrissette and MT's products were counterfeits.

Now before the court are Morrissette and MT's motion to dismiss for lack of personal jurisdiction and failure to state a claim, doc. 7, and MRSS's cross motion for jurisdictional discovery, doc. 18.[1]  For the reasons outlined below, Morrissette and MT's motion is due to be denied, rendering MRSS's motion moot.

**I.**

MRSS owns a registered trademark on the product name ZaZa Red.  Doc. 4 at 2, 4.  The United States Patent and Trademark Office granted this trademark on the "standard characters without claim to any particular font style, size or color."  Doc. 4-1 at 2.  MRSS also claims to own all rights to a distinctive ZaZa Red design mark, or logo, that appears on every bottle of ZaZa Red, but this design mark is not federally registered.  Doc. 4 at 4-5.  Both before and after receiving its trademark on the ZaZa Red name in October 2018, MRSS manufactured, distributed, and sold ZaZa Red throughout the United States, including in Alabama.  *Id*. at 5.

In September 2020, MRSS discovered allegedly counterfeit versions of ZaZa Red which "used a bottle and label design mimicking MRSS's ZaZa Red product, including the use of the ZaZa Red marks."  *Id*.  Allegedly, "the packaging of the counterfeit good was nearly indistinguishable from MRSS's ZaZa Red product," and the "spurious marks on the counterfeit goods [were] identical to, or substantially indistinguishable from, MRSS's use of its registered ZaZa Red mark and its ZaZa

---

[1] C Store and APNA have yet to appear.

Red design mark on its ZaZa Red product." *Id*. at 5-6.  MRSS "was able to identify the counterfeit goods based on minor differences in the product packaging and other subtle differences in the goods," and it discovered these alleged counterfeits "in numerous locations throughout the United States, including in the Northern District of Alabama." *Id*. at 6.

MRSS claims that MT and Morrissette were behind these counterfeit goods, developing and marketing the alleged fakes and then selling the counterfeit ZaZa Red to C Store and APNA. *Id*. at 6-7.  C Store and APNA allegedly distributed and sold these counterfeit goods despite knowledge that MT and Morrissette did not own the rights to the ZaZa Red name or logo and did not have MRSS's consent to use these marks on any products. *Id*. at 7.  This alleged malicious and willful infringement purportedly caused considerable confusion in the marketplace, "creating the false impression that the counterfeit and infringing goods are MRSS's legitimate products." *Id*. at 7-8. Indeed, MRSS claims, the defendants "have been unjustly enriched by illegally using and misappropriating MRSS's intellectual property and goodwill for [d]efendants' financial gain," causing MRSS to suffer irreparable harm and damages. *Id*. at 8-9.

Based on these allegations, MRSS pleads claims for: (1) trademark counterfeiting in violation of 15 U.S.C. § 1114; (2) trademark infringement in

3

violation of 15 U.S.C. § 1114; and (3) trademark infringement in violation of Alabama law. *Id*. at 9-14.

## II.

MT and Morrissette move to dismiss, in part, based on lack of personal jurisdiction. *See* doc. 7 at 12-23. "A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a *prima facie* case of jurisdiction." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). In Alabama, this *prima facie* case requires showing that the defendant has certain "minimum contacts" with the forum. *Waite v. All Acquisition Corp.*, 901 F.3d 1307, 1312 (11th Cir. 2018); *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007). To determine whether a defendant has these minimum contacts, and thus whether the exercise of specific personal jurisdiction comports with due process, the court must apply a three-part test, considering: (1) "whether the plaintiff[] ha[s] established that [its] claims 'arise out of or relate to' at least one of the defendant's contacts with the forum;" (2) "whether the plaintiff[] ha[s] demonstrated that the defendant 'purposefully availed' itself of the privilege of conducting activities within the forum state;" and (3) "whether the defendant has 'made a compelling case that the exercise of jurisdiction would violate traditional notions of fair play and substantial justice.'"

4

*Waite*, 901 F.3d at 1313 (quoting *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013)).

If the defendant challenges personal jurisdiction pursuant to Rule 12(b)(2) with affidavits or other evidence, "the burden traditionally shifts back to the plaintiff to produce evidence supporting jurisdiction unless [the defendant's] affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Meier ex rel. Meier v. Sun Int'l Hotels, Ltd.*, 288 F.3d 1264, 1269 (11th Cir. 2002). Notably, the court must view all jurisdictional evidence in the light most favorable to the plaintiff. *Id*. at 1269. Also, where there is a factual dispute related to jurisdiction, the court may, at its discretion, allow limited discovery to resolve this dispute before ruling on a Rule 12(b)(2) motion. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) ("Resolution of a pretrial motion that turns on findings of fact—for example, a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2)—may require some limited discovery before a meaningful ruling can be made.").

## A.

MRSS alleges that this court has jurisdiction over Morrissette because "he transacts business in and has engaged in other conduct within the State of Alabama such that he has sufficient contacts with this State, he purposefully avails himself of the privileges and benefits of conducting business in the State of Alabama, [and] a

substantial part of the events or omissions giving rise to MRSS's claims against Morrissette occurred in Alabama and involved Morrissette." Doc. 4 at 2-3. MRSS makes identical allegations regarding MT. *Id.* at 3. In response to these assertions, and in support of the motion to dismiss, Morrissette submits a sworn declaration stating that neither he, MT, or any other affiliated company "has ever made, sold, or distributed products using the ZaZa Red name or design." Doc. 7-2 at 2.

The court has reason to doubt Morrissette's averments. MRSS's initial complaint includes a copy of an email sent by Morrissette, in his capacity as executive director of MT, in which he explicitly discusses selling products in Alabama using the ZaZa Red label. *See* doc. 1-2 at 2. MRSS subsequently moved to seal this portion of its complaint and later filed an amended complaint omitting the Morrissette email and all allegations specifically referencing it, *see* docs. 3, 4, but the email was not stricken or otherwise withdrawn, and it remains a part of the record.

MT and Morrissette ask the court to ignore this email entirely, arguing that the court "cannot consider [Morrissette's email] as the basis for jurisdiction when [it] is not referenced in the [amended complaint]." Doc. 19 at 3-6 (citing *Mazer*, 556 F.3d at 1274). Alternatively, MT and Morrissette claim that this email does not conflict with Morrissette's declaration because the email "describes one option for

6

something that *could* happen," whereas the declaration "makes clear that something *did not actually* happen." *Id.* (emphasis in original).

As to their first argument, the defendants misapprehend *Mazer*'s language. It is true that a plaintiff must establish a *prima facie* case of jurisdiction through a well-pleaded complaint, but if the defendant challenges jurisdiction through affidavits, the burden shifts to the plaintiff "to produce evidence supporting jurisdiction." *Mazer*, 556 F.3d at 1274. MRSS did exactly this by pointing the court to Morrissette's email as evidence supporting personal jurisdiction over MT and Morrissette, and the email is thus properly considered in weighing the merits of the defendants' Rule 12(b)(2) motion. Further, whether Morrissette and MT actually executed their plan to use the ZaZa Red name is an issue of fact central to the merits of the case itself, not just the determination of jurisdiction. And "[i]f a jurisdictional challenge does implicate the merits of the underlying claim then: [T]he proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003) (citing *Garcia v. Copenhaver, Bell & Associates*, 104 F.3d 1256, 1261 (11th Cir. 1997).

Viewing the jurisdictional evidence in a light most favorable to the plaintiff, *see Meier*, 288 F.3d at 1269, MRSS has shown that its claims arise from allegations that MT and Morrissette purposefully availed themselves of the privileges of

conducting business in Alabama. MRSS has thus satisfied the first two prongs of the court's personal jurisdiction analysis. *See Thornton v. Bayerische Motoren Werke AG*, 439 F. Supp. 3d 1303, 1308-09 (N.D. Ala. 2020) (detailing plaintiff's burden under first two steps of the three-prong test). Additionally, although MT and Morrissette argue that the exercise of jurisdiction here would violate traditional notions of fair play and substantial justice, *see* doc. 7-3 at 21-23, their alleged business operations in Alabama render this argument uncompelling, especially given Morrissette's email. And any burden that MT and Morrissette may face by defending this lawsuit in this district is offset both by MRSS's interest in obtaining relief for the alleged infringement and Alabama's interest in enforcing its own trademark laws. *See Thornton*, 439 F. Supp. 3d at 1309 (citing *World–Wide Volkswagen v. Woodson*, 444 U.S. 286, 292 (1980)) (describing the due process analysis under the third prong). In sum, whether MT and Morrissette actually infringed MRSS's trademark is a fact-bound inquiry going to the merits of the underlying case, and dismissal at this juncture for lack of personal is inappropriate. *See Morrison*, 323 F.3d at 925.

### III.

MT and Morrissette also move to dismiss on failure to state a claim grounds. To survive a Rule 12(b)(6) motion, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). In other words, construing the allegations in the light most favorable to the plaintiffs, the complaint "must include factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017).

### A.

MRSS brings its claims trademark claims under 15 U.S.C. § 1114 and Alabama law. To succeed on a federal trademark infringement or counterfeiting claim, a plaintiff must show: (1) valid ownership of a registered trademark; (2) "that the defendant used the mark in commerce without its consent;" and (3) "that the unauthorized use was likely to deceive, cause confusion, or result in mistake." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1301 (11th Cir. 2001) (*citing McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1307 (11th Cir. 1998)); *see also* 15 U.S.C. § 1114. This same test applies to trademark infringement claims brought under Alabama common law. *Way Int'l v. Church of the Way Int'l*, No. 7:15-CV-370-RDP, 2017 WL 432466, at *9 (N.D. Ala. Feb. 1, 2017) (citing *Alfa Corp. v. Alfa Mortgage Inc.*, 560 F. Supp. 2d 1166, 1175 (M.D. Ala. 2008)). Thus, where a complaint, accepted as true, allows the reasonable inference that the defendant is liable for trademark counterfeiting and infringement under the relevant

standards, a plaintiff's claims are not subject to dismissal under Rule 12(b)(6). *See Waldman*, 871 F.3d at 1289.

## B.

MRSS's complaint includes proof of a federally-registered trademark, *see* doc. 4-1, and alleges that MT and Morrissette "developed and marketed" counterfeit ZaZa Red products that were distributed in Alabama, thereby causing confusion in the marketplace, *see* doc. 4 at 6-8. MT and Morrissette insist that "MRSS has not plausibly alleged that the [m]oving [d]efendants used the ZaZa Red [m]ark in commerce" and that MRSS's "conclusory and unsubstantiated allegations" cannot withstand a Rule 12(b)(6) motion. *See* doc. 7-3 at 22-27. But liability under § 1114 can be based on either "use in commerce" of the alleged counterfeit *or* reproduction of a counterfeit good that is "intended to be used in commerce," *see* § 1114 (1), and MRSS has plausibly alleged, with specificity, that MT and Morrissette developed counterfeit ZaZa Red and then sold the product to C Store and APNA for distribution in Alabama, *see* doc. 4 at 6-8.[2] MRSS may therefore maintain its trademark infringement and counterfeiting claims.

---

[2] MT and Morrissette also argue that the complaint "does not include a single allegation regarding the intent or knowledge of the [m]oving [d]efendants." Doc. 7-3 at 27-28 (citing 15 U.S.C. § 1117(b). The intent and knowledge requirements of § 1117(b), however, apply only to the calculation of a potential damages award, *see generally* 15 U.S.C. § 1117, and are thus not relevant to whether MRSS has stated a claim for trademark counterfeiting under § 1114.

## IV.

Accordingly, MT and Morrissette's motion to dismiss, doc. 7, is due to be denied in its entirety, and MRSS's cross motion for jurisdictional discovery, doc. 18, is due to be denied as moot. A separate order effectuating this opinion follows.

**DONE** the 11th day of April, 2022.

                                          **ABDUL K. KALLON**
                                   UNITED STATES DISTRICT JUDGE